ALLIANCE FOR THE WILD ROCKIES; Native Ecosystems Council; Ecology Center, Inc., Plaintiffs—Appellants,

v.

Thomas REILLY, in his official capacity as Supervisor of the Beaverhead–Deerlodge National Forest; United States Forest Service; Kathleen McAllister, in her official capacity as Northern Region Deputy Regional Forester, Defendants—Appellees.

No. 04–35831.
D.C. No. CV–03–00085–SEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Nov. 2, 2005.

courts of this circuit except as provided by

Ninth Circuit Rule 36–3.

**8**

---

Timothy M. Bechtold, Rossbach Hart Bechtold, PC, Andrew J. Nelson, Smith & Thiel Law Offices, Missoula, MT, Michael T. Gray, Washington, DC, for Plaintiffs–Appellants.

Tamara N. Rountree, Michael T. Gray, Washington, DC, Mark Steger Smith, Office of the U.S. Attorney, Billings, MT, for Defendants–Appellees.

Before B. FLETCHER and MCKEOWN, Circuit Judges, and KING,* District Judge.

## MEMORANDUM**

Plaintiff–Appellants—Native Ecosystems Council, Alliance for the Wild Rockies, and the Ecology Center ("Plaintiffs")—appeal from the district court's grant of summary judgment to Defendant–Appellees—the United States Forest Service, Thomas Reilly, and Kathleen McAllister ("the Forest Service"). Plaintiffs challenged the validity of the Beaverhead–Deerlodge Forest Post Fire Project ("Post Fire Project"), developed by the Forest Service in response to fires in the Beaverhead–Deerlodge National Forest in western Montana in the summer of 2000, alleging violations of the National Environmental Policy Act, the Clean Water Act, the National Forest Management Act, and the Endangered Species Act, and requesting injunctive relief. After the suit was filed, the Forest Service withdrew the Post Fire Project, citing concerns about its legality under recent Ninth Circuit decisions and noting that any further post-fire restoration projects would be subject to agency review under the Administrative Procedures Act as well as judicial review. The district court dismissed the suit as moot.

Reviewing the question de novo, we affirm. A suit for injunctive relief is normally moot when the conduct at issue ceases. *Demery v. Arpaio*, 378 F.3d 1020, 1025–1026 (9th Cir.2004) ("[A] suit for injunctive relief is normally moot upon the termination of the conduct at issue.") Since the Record of Decision authorizing the Post Fire Project has been permanently withdrawn, there is no final decision to review. Any further action will be subjected to agency and judicial review. Thus, we can provide no remedy to the alleged wrongs. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). Moreover, the district court did not reach the merits of Plaintiffs' claims, so there is no finding of law or fact that could

---

\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

be corrected even if Plaintiffs' claims were found to be meritorious.[1]

**AFFIRMED.**

---

1. Like the district court, we make no finding as to the merits Plaintiffs' claims.

